UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLIE JOE BROOKS,

        Petitioner,

v.                                              CASE NO. 04-CV-73324-DT
                                               HONORABLE AVERN COHN

ANDREW JACKSON,

        Respondent.
_____/

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
## AND DISMISSING HABEAS PETITION WITHOUT PREJUDICE

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Billie Joe Brooks alleges that he was deprived of effective assistance of counsel during state criminal proceedings. Respondent has moved to dismiss the habeas petition on the ground that Petitioner did not exhaust state remedies for his sole claim. The Court agrees. The reasons follow.

### II. Background

Petitioner was charged in Oakland County, Michigan with accosting a child for immoral purposes and being a second habitual offender. On November 7, 2002, he pleaded no contest to one count of accosting a minor for immoral purposes, MICH. COMP. LAWS § 750.145a, and he acknowledged being a habitual offender, see MICH. COMP. LAWS § 769.10. There was no plea bargain, but the parties agreed to a

minimum sentence of one year and a maximum sentence of six years.[1]  The parties further agreed that this sentence would run concurrently with a sentence Petitioner was expected to serve in another case.  (Tr. Nov. 7, 2002, at 4.)  On December 5, 2002, the trial court sentenced Petitioner to imprisonment for a minimum of two years and a maximum of six years.

Petitioner subsequently moved to set aside his no-contest plea.  The trial court declined to set aside the plea, but it did reduce Petitioner's minimum sentence to one year pursuant to the plea and sentencing agreement.  (Tr. Aug. 6, 2003, at 5.)

On appeal  from his conviction and sentence, Petitioner claimed that the trial court abused its discretion when it denied his motion to withdraw the no-contest plea.

---

[1]  The plea and sentencing agreement was known as a Cobbs plea pursuant to People v. Cobbs, 505 N.W.2d 208 (1993).  The Michigan Supreme Court explained in Cobbs a manner in which a trial judge may participate in sentence discussions:

> At the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>
> To avoid the potential for coercion, a judge must not state or imply alternative sentencing possibilities on the basis of future procedural choices, such as an exercise of the defendant's right to trial by jury or by the court.
>
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

Id. at 212 (emphasis in original) (footnote omitted).

He maintained that the trial court should have permitted him to go to trial, because his initial sentence did not conform to the parties' sentencing agreement. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. See People v. Brooks, No. 251623 (Mich. Ct. App. Nov. 24, 2003). Petitioner raised the same claim in the Michigan Supreme Court, which denied leave to appeal because it was not persuaded that the question presented should be reviewed. See People v. Brooks, 470 Mich. 867 (2004).

Petitioner signed and dated his pro se habeas petition on August 14, 2004. His sole ground for relief alleges ineffective assistance of counsel. The supporting facts read:

> I asked my attorney Michael J. McCa[r]thy to file for inef[f]ective assistance of counsel or withdraw from the case. He refused. Letters [e]nclosed will verify.

Pet. for Writ of Habeas Corpus at unnumbered page 2. Elsewhere, Petitioner writes:

> I asked Mr. McCarthy to file for ineffective assistance of counsel or withdraw from the case. He led me to believe his way was best as his letters to me will state. I knew nothing about the law until it was too late to do anything about it.

Id. at unnumbered page 5.

### III. Discussion

The Supreme Court has explained that,

> [b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "''opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971) (citation omitted)). To provide the State with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of

3

> discretionary review), thereby alerting that court to the federal nature of the claim.  Duncan, supra, at 365-366; O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004).  The exhaustion doctrine requires a state prisoner "to present the state courts with the same claim he urges upon the federal courts."  Picard v. Connor, 404 U.S. 270, 276 (1971).  Federal courts ordinarily must dismiss a habeas petition containing an unexhausted claim.  See Rose v. Lundy, 455 U.S. 509, 510 (1982).

Petitioner appealed his conviction in the Michigan Court of Appeals and in the Michigan Supreme Court, but he did not raise his habeas claim there.  Instead of alleging ineffective assistance of counsel, as he does here, he asserted that the trial abused its discretion by refusing to let him withdraw his no-contest plea.

Petitioner still has an available state remedy for raising his current claim.  He can file a motion for relief from judgment under subchapter 6.500 of the Michigan Court Rules.  If he is unsuccessful in the trial court, he may apply for permission to appeal in the Michigan Court of Appeals and in the Michigan Supreme Court.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'"  Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002), *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001).  The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in Hargrove v. Brigano, 300 F.3d 717, 719-721 (6th Cir. 2002).  The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, August 14, 2004, until Petitioner returns to federal court.  This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state

remedies within thirty days of [this Court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." Hargrove, 300 F.3d at 718.  At this time, the Court makes no finding regarding the timeliness of this petition.

### IV.  Conclusion

Petitioner has not exhausted state remedies for his claim, and he has an available state remedy to exhaust.  Accordingly, Respondent's motion to dismiss is **GRANTED**, and the petition for writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust state remedies.


    s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  May 4, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 4, 2005, by electronic and/or ordinary mail.

    s/Julie Owens  
Case Manager  
(313) 234-5160